RIJOS v. PEÑA ET AL.

APPEAL from the District Court of San Juan.

No. 183.—Decided December 23, 1907.

APPEAL—TRANSCRIPT OF RECORD—COPY OF JUDGMENT.—Where appellant fails to
include in the transcript of the record a copy of the judgment appealed from,
and only attaches to the record a copy of a decision of the trial court, the
appeal must be dismissed.

The facts are stated in the opinion.

*Mr. Texidor* for appellant.

*Mr. Bosch* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from the first section of the District
Court of San Juan. The object of the suit was to seek the
recovery of certain property which plaintiff claimed to be
entitled to as heir of her father, whom she maintained con-
tracted a legal marriage with her mother. The defendants,
collateral relatives of the said Santiago Benito Rijos, are in
possession of the property and maintain that the complainant
is the natural daughter of her parents.

The principal issue presented to the court below and made
the subject of discussion here is whether the law of evidence
repealed by implication the distinct provisions of the Civil
Code with respect to the proof of marriage. These are as
follows:

"Marriages solemnized before this Code shall go into effect shall
be proven in the manner established by the former laws.

"Those contracted afterwards shall be proven only by certification
from the book of marriages. If this book shall have disappeared, any
competent proof shall be admissible.

"In the cases referred to in the preceding article, the uninter-
rupted living together of the parents as husband and wife, together
with the record of the birth of their children as legitimate children,

shall be one of the means of proof of the marriage of the parents, unless it be shown that either of them was bound by a previous marriage.''

There was evidence introduced at the trial tending to show that some sort of a ceremony was performed between the mother of the plaintiff, Emilia Córdova y Córdova, with Santiago Benito y Correa in the year 1863.

Therefore it is perfectly evident that previous to 1905 the courts of the Island would have been bound to decide that the proof of the marriage was to be governed by the former prescriptions. The judge of the court below found that the evidence failed to justify a legal marriage.. It would seem, moreover, very doubtful whether the document offered in evidence to prove the alleged marriage was competent for that purpose, especially as it is not shown that the priest who certifies to it had the authority to perform a marriage. It would seem that he was not a parish priest, as the law requires. There is practically no attempt to prove the validity of the marriage according to the Canonical and Civil Law which prevailed in this Island previous to 1905. Now, the general principles of the Civil Law are that no law shall have a retroactive effect unless it is expressly so provided, and especially the courts will refuse to give a retroactive effect to a law where it will divest property rights.

Section 102 of the Law of Evidence, Laws of 1905, page 88, provides:

''All other presumptions are satisfactory, if uncontradicted. They are denominated disputable presumptions and may be controverted by other evidence. The following are of that kind:

''1. That a person is innocent of crime or wrong.

*       *       *       *       *       *       *

''29. That a man and woman deporting themselves as husband and wife have entered into a lawful contract of marriage.

''30. That a child born in lawful wedlock, there being no divorce, is legitimate.

"31. That a thing once proved to exist continues as long as is usual with things of that nature."

There may be cases both before and after 1905 in which the presumption of marriage and heirship would prevail, but can it be held to apply to a ceremony celebrated in 1863, especially where there has been a liquidation of the property sought to be recovered and where the appellant neglected for years to assert her heirship? Can the Law of Evidence, without more ado, change the status of a person and the devolution of property already vested? Have not the appellant's rights prescribed by reason of her failure to bring her suit within two years after she reached her majority? Would it not have to be held that the presumption of marriage which flows from a man and woman deporting themselves as husband and wife tend to be rebutted by the contrary indications of the record, namely, that the person who was supposed to have performed the ceremony was not duly authorized; that the alleged marriage was not apparently witnessed by any one; that neither the time nor place of the marriage was given; that the alleged father was reputed to have died a bachelor by a death certificate; that the daughter was baptized a natural child of her mother; that she always bore her mother's name and never her father's; that she took part in the division made of her mother's property as the illegitimate daughter of the latter? There is, of course, evidence in favor of the complainant's contention, but from the record presented to us we are nevertheless inclined to answer all the questions suggested against the appellant.

However, we are not in a position properly to consider the merits of the case, as the judgment of the court below was not brought up in the record. There is a decision which provides that the secretary should prepare a judgment, but there is nothing in the record to show that he did so. In this respect the case is identical with the case of *Jiménez* v. *Olmedo and*

*others,* decided on the 13th of December, 1907. In that case the court, through Mr. Justice Hernández, said:

"We regret that, by failure to observe the rules of procedure, we are frequently compelled to dismiss appeals, like the one at bar, without discussing or deciding them on their merits, but the consequences for such failure find their sanction in section 303 of the said Code of Civil Procedure and it is our duty to give it application."

We do not see the reason for putting the "decision" instead of the judgment in the judgment roll, but we are without any judgment which we can affirm or reverse. This ques tion has been before the courts of the United States many times, and it seems to have been uniformly decided that the final judgment in the case must be before the court of appeals (See Cyclopaedia of Law and Procedure, Vol. 2, p. 1031.) It can there be seen that a recital and notice of appeal is insufficient; that a recital and bill of exceptions with the minutes and memoranda of the judge do not suffice.

For these reasons the appeal must be dismissed.

*Dismissed.*

Chief Justice Quiñones, and Justices Hernández, Figueras and MacLeary concurred.